IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JEREMIAH BILLS, RAYMOND PIMINTEL, MICHAEL HINES, and VALENTINE ESQUIVEL, on behalf of themselves and all others similarly situated, | § § § § § § | |
| Plaintiffs, | § § | Civil Action No. 4:12-cv-3647 |
| v. | § § | |
| SUPERIOR ENERGY SERVICES, INC. | § § § | |
| Defendant. | § | |

## <u>DEFENDANT SUPERIOR ENERGY SERVICES, INC.'S RULE 12(b)(6) MOTION TO DISMISS</u>

Defendant Superior Energy Services, Inc. ("Defendant") files this Motion to Dismiss the lawsuit filed by Plaintiffs Jeremiah Bills, Raymond Pimintel, Michael Hines, and Valentine Esquivel (collectively "Plaintiffs") against Defendant for failure to state a claim upon which relief can be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiffs accuse Defendant of overtime pay violations under the Fair Labor Standards Act ("FLSA"). However, Defendant is a Delaware holding company that does not and did not employ any employees, including Plaintiffs, so it cannot be liable to them for the alleged overtime pay violations under the FLSA. Defendant would show the Court as follows:

### I.     PROCEDURAL HISTORY AND SUMMARY OF ARGUMENT

Plaintiffs filed the instant lawsuit against Defendant on December 17, 2012, asserting a collective action on behalf of themselves and others similarly situated, for alleged violations of the FLSA related to Plaintiffs' alleged employment with Defendant. However, Plaintiffs have failed to plead sufficient facts to state a claim for relief against Defendant. Specifically, Plaintiffs

fail to assert any facts demonstrating that Defendant was their employer.   Thus, Plaintiffs' lawsuit against Defendant for alleged violations of the FLSA should be dismissed for failure to state a claim.

Moreover, regardless of the deficiencies in Plaintiff's pleadings, Defendant is not Plaintiffs' employer, and it did not employ Plaintiffs or any other employees during the time period relevant to this lawsuit.   *See Affidavit of Raymond L. Lieber, attached hereto as Exhibit "A,"* ¶ 3.   Since Defendant does not employ employees, Plaintiffs have failed to state a claim against Defendant upon which relief can be granted.   Therefore, Plaintiffs' lawsuit against Defendant should be dismissed on that basis.

## II.     ARGUMENT AND AUTHORITIES

### A.     Plaintiffs Fail to Plead Sufficient Facts to Support a Claim Against Defendant.

The Fifth Circuit reviews a Rule 12(b)(6) dismissal de novo, accepting all well-pleaded facts as true and reviewed in the light most favorable to the plaintiff.   *Sanders-Burns v. City of Plano*, 578 F.3d 279, 284 (5th Cir. 2009).   To avoid dismissal, the plaintiff must plead enough facts to state a claim for relief that is plausible on its face.   *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007).

Whether a party is an employer is a question of law.   *Reich v. Circle C Investments, Inc.*, 998 F.2d 324, 329 (5th Cir. 1993) ("We review the district court's ultimate conclusion that [the defendant] is an 'employer' de novo and review the court's subsidiary findings for clear error."). An employee alleging a violation of the FLSA's overtime requirements has the burden of proving that an employer-employee relationship exists.   *Cash v. Conn Appliances, Inc.*, 2 F.Supp. 2d 884, 892 (E.D. Tex. 1997).   Here, Plaintiffs state **no facts** about Defendant being their employer aside from one mere bald assertion of Defendant's employer status.   *Plaintiffs' Complaint*, p. 7 ¶ 27 ("At all material times, Superior was and is an eligible and covered

2

employer under the FLSA.")  Such a bare assertion of employer status is insufficient to establish this as a fact, and does not even create an inference of employer or joint employer status under the FLSA.  As the Supreme Court held in *Twombly*, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than *labels and conclusions*, and a *formulaic recitation of the elements of a cause of action will not do*."  *Twombly*, 127 S. Ct. 1955, 1974 (2007) (emphasis added), quoting Fed. R. Civ. P. 8(a)(2).  As a result, Plaintiffs fail to meet the minimum pleading standard set out in *Twombly,* such that dismissal is appropriate.

**B.      Plaintiffs' Fail to State a Claim Against Defendant Upon Which Relief Can Be Granted Because Defendant Never Employed Plaintiffs.**

Defendant never employed Plaintiffs or anyone else during the time period relevant to this lawsuit, and thus Plaintiffs fail to state a claim against Defendant upon which relief can be granted.  *See Exhibit A,* ¶ 3.  Defendant acknowledges that by submitting this affidavit as evidence, this 12(b)(6) Motion may be converted to a Rule 56 Motion for Summary Judgment.

The FLSA defines an "employer" as "any person acting directly or indirectly in the interest of an employer in relation to an employee."  29 U.S.C. § 203(d).  Defendant is a corporate holding company incorporated in Delaware.  *See Exhibit A* ¶ 3.  Although Defendant has subsidiaries that employ employees, Defendant is a parent company and does not employ any employees, nor did it ever employ any employees from December 2009 to December 2012, the time period relevant to this lawsuit.  *Id*. at ¶¶ 2-3.  In *Prince v. MND Hospitality, Inc.* (Rosenthal, J.) (an FLSA case), this court recognized that "there is a 'strong presumption' that a parent corporation is not the employer of its subsidiary's employees" in ultimately holding that a parent company was not the employer or joint employer of its subsidiary's employees for the purposes of the FLSA.  2009 WL 2170042, at *5 (S.D.Tex. July 22, 2009), citing *Lusk v. Foxmeyer Health Corp.*, 129 F.3d 773, 778 (5th Cir. 1997).  Therefore, in the case at bar a strong

3

presumption exists that Defendant is not the employer of its subsidiaries' employees, including Plaintiffs.

Further, Defendant is not a joint employer of Plaintiffs. The Fifth Circuit has held in an FLSA case that to determine whether a parent company is a joint employer, the court considers the "economic realities" of the relationship between the alleged employer and employee. *Watson v. Graves*, 909 F.2d 1549, 1553 (5th Cir. 1990). Among the relevant factors in the economic realities test that relate to Plaintiffs' allegations of overtime pay violations of the FLSA are whether a parent company "supervised and controlled employee work schedules or conditions of employment" or "determined the rate and method of payment." *Id.* at 1553.

In this instance, Defendant does not assign work to any employees or set any pay policies or practices for employees, nor did it do so at any point during the time period relevant to this lawsuit. *Id. at* ¶ 4. Further, Defendant has no involvement in the day to day supervision of any employees, nor did it ever have any such involvement during the time period relevant to this lawsuit. *Id.* "The dominant theme in the case law is that those who have operating control over employees within companies may be individually liable for FLSA violations committed by the companies." *Martin v. Spring Break '83 Productions, L.L.C.*, 688 F.3d 247, 251 (5th Cir. 2012). Here, as the attached affidavit proves, Defendant had no operating control over its subsidiaries' employees. Therefore, Defendant is not Plaintiffs' employer, and Plaintiffs fail to state a claim against Defendant upon which relief can be granted.

### III.   CONCLUSION

Defendant Superior Energy Services, Inc. respectfully requests that this Court grant this Rule 12(b)(6) Motion and dismiss Plaintiffs' lawsuit against Defendant for alleged overtime pay violations of the FLSA in its entirety. Plaintiffs fail to state a claim against Defendant upon

which relief can be granted, because Plaintiffs failed to plead any or at least insufficient facts to show an employer/employee relationship, and because Defendant is not currently Plaintiffs' employer and never employed Plaintiffs or anyone else during the time period relevant to this lawsuit.

Respectfully submitted,

By:    /s/ William John Bux
            WILLIAM JOHN BUX
            State Bar No. 03546400
            Southern District ID No. 7396
            600 Travis Street, Suite 2800
            Houston, Texas 77002
            (713) 226-1275 (Telephone)
            (713) 229-2527 (Facsimile)

            ATTORNEY-IN-CHARGE FOR
            DEFENDANT SUPERIOR
            ENERGY SERVICES, INC.

OF COUNSEL:

J. MICHAEL ROSE
State Bar No. 24041819
Southern District ID No. 36797
mrose@lockelord.com
ASHLEE MCFARLANE
State Bar No. 24070243
Southern District ID No. 1084143
LOCKE LORD LLP
600 Travis Street, Suite 2800
Houston, Texas 77002-3095
 (713) 226-1200 (Telephone)
(713) 223-3717 (Facsimile)

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 11th day of February, 2013, a true and correct copy of the above and foregoing instrument was served upon all counsel of record via certified mail, return receipt requested and addressed as follows:

Edwin Sullivan
OBERTI SULLIVAN LLP
723 Main Street, Suite 340
Houston, Texas  77002

/s/  William John Bux
William John Bux

6